**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7312

TONY R. SELLMON,

Plaintiff - Appellant,

versus

B. G. COMPTON,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge.  (03-169-jct)

Submitted:  July 14, 2005                    Decided:  July 21, 2005

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Tony R. Sellmon, Appellant Pro Se.  Thomas Linn Eckert, Assistant United States Attorney, John Leslie Brownlee, United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tony R. Sellmon seeks to appeal from the district court's order dismissing his habeas petition challenging the United States Parole Commission's determination in his case. This case is back in this court after a limited remand to determine if Sellmon had shown excusable neglect or good cause to warrant an extension of time for filing a notice of appeal. The district court found Sellmon failed to make such a showing. See Sellmon v. Compton, No. 03-169-jct (W.D. Va. Apr. 19, 2005). We therefore dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties in a civil action in which the United States is a party are accorded sixty days after the court's entry of final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 US. 220, 229 (1960)).

The district court's order was entered on the docket on May 10, 2004. The notice of appeal was filed on August 2, 2004.[*]

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

Because Sellmon failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED